UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STERLING J. COLEMAN AND ROSIE L. COLEMAN | CIVIL ACTION |
| VERSUS | NO. 07-6785 |
| ALLSTATE INSURANCE COMPANY | SECTION: "C" (1) |

**ORDER AND REASONS**

This matter comes before the Court on motion to remand filed by the plaintiff (Rec. Doc. 6). The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered under an insurance policy issued by the defendant. This matter was removed on the basis of diversity jurisdiction. In the Notice of Removal the defendant alleged that the parties were diverse and that the jurisdictional minimum was met on the date of removal.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De*

1

*Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107 (1983).

In this case, the plaintiff has submitted a "binding stipulation" that the amount in controversy is less than $75,000.00. (Rec. Doc. 8). Clearly, the stipulation is strong evidence of the jurisdictional amount for present purposes. Additionally, Allstate has conceded that remand is appropriate under these circumstances. (Rec. Doc. 9, p.2 ). Thus, the Court finds that the defendant has not made a showing "sufficiently particularized" to meet its burden. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938). Accordingly, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.

IT IS ORDERED that the plaintiff's motion to remand is GRANTED. (Rec. Doc.6). This matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 14th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE